UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES F. (JAY) LEVIAS and ANTHONY LEMON, individually and on behalf of a class of all similarly situated claimants,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC MARITIME ASSOCIATION; EAGLE MARINE SERVICES,INC.; MARINE TERMINALS CORPORATION; SSA TERMINALS, LLC; STEVEDORING SERVICES OF AMERICA, INC. (a/k/a SSA), SSA MARINE, INC., SSA TERMINALS, INC.; APM TERMINALS PACIFIC, LTD.; HUSKY TERMINAL AND STEVEDORING, INC.; PACIFIC CRANE MAINTENANCE COMPANY, L.P.; SEA STAR STEVEDORE COMPANY; and WASHINGTON UNITED TERMINALS,<br><br>Defendants<br><br>and<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION,<br><br>Intervenor-Defendant. | Case No. 08-cv-1610-JPD<br><br>ORDER DENYING MOTION TO STRIKE PLAINTIFF LEVIAS' JURY DEMAND AND DENYING MOTION TO STRIKE PLAINTIFF LEMON'S JURY DEMAND |

ORDER
PAGE - 1

I. INTRODUCTION AND SUMMARY CONCLUSION

This matter comes before the Court on Defendants' Motion to Strike Plaintiffs' Jury Demand, Dkt. No. 46, and Defendants' Motion to Strike Plaintiff Lemon's Jury Demand, Dkt. No. 70. While the first motion is styled as a motion to strike "Plaintiffs'" jury demand, at the time of oral argument on Defendants' motion, only Plaintiff James F. Levias had filed a jury demand. *See* Dkt. No. 30. Accordingly, the Court construes the first motion as a motion to strike Mr. Levias' jury demand. Defendants contend that Mr. Levias' jury demand is untimely, as he failed to file the jury demand within ten days from November 25, 2008, the date by which all the original defendants had filed their answers. Dkt. No. 46. Plaintiffs assert that Mr. Lemon is entitled to a jury trial regardless of whether Mr. Levias is so entitled, and that, additionally, the second amended complaint raises new issues entitling Mr. Levias to a jury trial. Dkt. No. 48. Regarding Defendants' Motion to Strike Plaintiff Lemon's Jury Demand, Defendants assert that the second amended complaint does not raise new issues, and that Mr. Levias previously waived the right to a jury trial on the issues raised in the original pleading. Dkt. No. 70. Plaintiffs contend that Mr. Lemon has a right to a jury trial on his claims and that he was entitled to rely on Mr. Levias' earlier jury demand. Dkt. No. 71. After considering Defendants' motions, Dkt. Nos. 46, 70, Plaintiffs' oppositions, Dkt. Nos. 48, 71, Defendants' reply briefs, Dkt. Nos. 49, 72, and Plaintiffs' surreply and Motion to Strike New Argument, Dkt. No. 50, the governing law and the balance of the record, Defendants' Motion to Strike Mr. Levias' Jury Demand, Dkt. No. 46, is DENIED and Defendants' Motion to Strike Mr. Lemon's Jury Demand, Dkt No. 70, is DENIED. In addition, Plaintiffs' Motion to Strike New Argument, Dkt. No. 50, is DENIED.

///

///

///

///

## II. BACKGROUND

On October 6, 2008, Plaintiff James Levias filed the instant proposed class action in King County Superior Court, alleging, among other things, violations of the Washington Wage Statute ("WWS"). Dkt. No. 5, Att. 1. Mr. Levias' original complaint did not include a jury demand. *Id.*

On November 3, 2008, the original named defendants removed the action to federal court. Dkt. No. 1. At the time of removal, the Court Clerk notified all counsel to direct their attention to Rules 38(b) and 81(c) of the Federal Rules of Civil Procedure, which concern the filing of jury demands in federal court. Dkt. No. 2. The original defendants all filed answers to Mr. Levias' original complaint by November 25, 2008. Dkt. Nos. 6-8.

On February 19, 2009, Mr. Levias filed a stipulated motion to dismiss certain defendants and to add new defendants to his original complaint (the new defendants, collectively with the remaining original defendants, are referred to hereinafter as "Defendants"). Dkt. No. 14. On March 5, 2009, the stipulated motion was granted by the Court. Dkt. No. 15.

On March 5, 2009, the International Longshore & Warehouse Union ("ILWU") was also permitted to intervene as an intervenor-defendant in the action. Dkt. No. 15. On March 6, 2009, Mr. Levias filed a first amended complaint which named all the current Defendants. Dkt. No. 16. The first amended complaint did not include a jury demand. *Id.* On March 26, 2009, the ILWU filed an answer to the first amended complaint. Dkt. No. 22.

On April 10, 2009, Mr. Levias filed a Demand for Jury Trial. Dkt. No. 30. On April 23, 2009, all Defendants (other than intervenor-defendant ILWU, which had already answered the first amended complaint) filed an answer to Mr. Levias' first amended complaint. Dkt. Nos. 34, 35.

On August 21, 2009, Mr. Levias filed a second amended complaint, adding a new claim for violation of the federal Fair Labor Standards Act ("FLSA") and also adding a new

1  plaintiff, Anthony Lemon. Dkt. No. 44. On September 3, 2009, the ILWU filed an answer to
2  Plaintiffs' second amended complaint. Dkt. No. 45. On November 25, 2009, Defendant
3  Pacific Maritime Association filed an answer to Plaintiffs' second amended complaint. Dkt.
4  No. 61. On December 18, 2009, all other defendants filed answers to the second amended
5  complaint. Dkt. Nos. 65-67.

6  On December 21, 2009, Mr. Lemon filed a Demand for Jury Trial. Dkt. No. 68.

### III.  DISCUSSION

#### A.  Plaintiffs' Motion to Strike New Argument

As an initial matter, the Court considers Plaintiffs' motion to strike a section of Defendants' first reply brief, Dkt. No. 49, concerning Mr. Lemon's right to a jury trial. Plaintiffs argue that Defendants did not raise this argument in their initial motion and therefore the new argument is improperly raised and should be stricken. Dkt. No. 50.

As a general rule, "[n]ew arguments may not be introduced in a reply brief." *United States v. Puerta*, 982 F.2d 1297, 1300 n.1 (9th Cir. 1992). Further, Rule 27(a)(4) of the Federal Rules of Appellate Procedure, which applies to the *Puerta* case, provides, "[a] reply must not present matters that do not relate to the response." While the foregoing appellate authorities do not directly apply to the instant district court case, they are instructive for highlighting the purpose of a reply brief. Namely, a reply brief provides an avenue for a movant to respond to arguments presented by the non-moving party. *See* FED. R. APP. P. 27(a)(4).

In their opposition brief, Plaintiffs argue that regardless of any fault on Mr. Levias' part, Mr. Lemon has a right to a jury trial. Further, Plaintiffs' opposition asserts that Defendants did not cite any case law that would bar a successive plaintiff (here, Mr. Lemon) from later demanding a jury trial even though the original plaintiff failed to timely do so.

Defendants responded to Plaintiffs' arguments regarding Mr. Lemon in their reply brief. Therefore, the issue of Mr. Lemon's right to a jury trial was broached for the first time

ORDER
PAGE - 4

by Plaintiffs in their opposition, not by Defendants in their reply brief. As noted above, a reply brief addresses matters that relate to the response brief. That was the case here.

There is also an underlying policy of fairness that is reflected in the general rule that forbids new arguments in reply briefs. *See Sophanthavong v. Palmateer*, 378 F.3d 859, 872 (9th Cir. 2004) (noting that allowing a new argument to be presented in a reply brief is unfair, as an opposing party would be denied the opportunity to contest the argument in the response brief). Notably, however, the reasoning expressed in *Sophanthavong* is not applicable to the instant case, as *Sophanthavong*'s concerns of fairness to the opposing party do not exist here. Plaintiffs' response brief -- not Defendants' reply brief -- initially raised the question of Mr. Lemon's right to a jury trial, regardless of any failure on Mr. Levias' part to timely demand a jury trial. Therefore, Plaintiffs did have an opportunity to address the legal and factual points of Mr. Lemon's right to a jury trial. Further, Plaintiffs noted in their opposition that Defendants had not cited any authority holding that Mr. Lemon is not entitled to a jury trial. In their reply brief, Defendants responded to Plaintiffs' contention and addressed the issue of Mr. Lemon's right to a jury trial.

In sum, the Court finds that the issue of Mr. Lemon's right to a jury trial was broached for the first time by Plaintiffs in their opposition, not by Defendants in their reply. Moreover, there is no unfairness in allowing Defendants to respond in their reply brief to new arguments presented by Plaintiffs in their opposition. Therefore, Plaintiffs' motion to strike new argument, Dkt. No. 50, is denied.

B. <u>Defendants' Motion to Strike Plaintiff Levias' Jury Demand</u>

There are three bases on which the Court could consider allowing Plaintiff Levias' late-filed jury demand. Each basis is discussed in turn below.

1. The FLSA Claim

Rule 38(b) of the Federal Rules of Civil Procedure provides the basis for Defendants' motion to strike Mr. Levias' jury demand. Rule 38(b) provides:

On any issue triable of right by a jury, a party may demand a jury trial by:

(1) Serving the other parties with a written demand -- which may be included in a pleading -- **no later than 10 days after the last pleading directed to the issue is served**; and

(2) Filing the demand in accordance with Rule 5(d).

FED. R. CIV. P. 38(b) (emphasis added). Defendants contend that service of Mr. Levias' jury demand did not occur within 10 days after "the last pleading directed to the issue."

An "issue" within the scope of Rule 38(b) is an issue of fact. *Trixler Brokerage Co. v. Ralston Purina Co.*, 505 F.2d 1045, 1050 (9th Cir. 1974). An "issue" does not exist until there has been an allegation followed by a responsive denial. *Id.* The "last pleading" is the last pleading that a party is required to file. *Bentler v. Bank of America Nat'l Trust & Savings Ass'n*, 959 F.2d 138, 140 (9th Cir. 1992). A pleading containing only a new legal theory, with no new facts added in support of that theory, does not present a new "issue" within the meaning of Rule 38(b). *Trixler*, 505 F.2d at 1050. In essence, if a new pleading (*e.g.*, an amended complaint that adds a new claim) contains the same "matrix of facts" and is filed after the "last pleading" on the original issue, then a new "issue" has not been presented by the new pleading. *California Scents v. Surco Products*, 406 F.3d 1102, 1106 (9th Cir. 2005).

In *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1066 (9th Cir. 2005), the plaintiff's original complaint included a claim under the Americans With Disabilities Act ("ADA"). The plaintiff subsequently added another claim under the Rehabilitation Act by filing an amended complaint. *Lutz*, 403 F.3d at 1066. The *Lutz* court held that the plaintiff's jury demand, made subsequent to the amended complaint, was invalid because the facts required to support a claim under the ADA and the Rehabilitation Act were not significantly different. *Id.* Further, the *Lutz* court noted that in the motion to amend the original complaint, the plaintiff stated that the claim under the Rehabilitation Act "is the same basic claim as the ADA claim already alleged and predicated upon the same set of facts." *Id.*

Here, in the second amended complaint, Plaintiffs added a new claim for a violation of the FLSA. Plaintiffs contend that their second amended complaint adds new facts because a violation under FLSA is supported by a different set of facts than those needed to support a violation under the WWS. Plaintiffs cite *Champagne v. Thurston County*, 163 Wn.2d 69 (Wash. 2008), for the proposition that a violation of FLSA does not translate into a violation of the WWS. However, *Champagne* dealt only with WWS violations; no FLSA violations were alleged by the plaintiff. Further, the *Champagne* court, in the only paragraph of the opinion discussing the FLSA, appeared to agree that the FLSA "provided the model for" the Washington Minimum Wage Act ("MWA"), which is part of the WWS. *Id.*

Nonetheless, the WWS and the FLSA are indeed different statutes. *See Hisle v. Todd Pacific Shipyards*, 151 Wn.2d 853, 872-73 (Wash. 2004) (J. Sanders, dissenting) (noting that although "FLSA cases are helpful when interpreting the MWA, we have consistently noted Washington courts need not walk directly in the federal judiciary's footsteps as the two statutes are not one and the same."). However, even if the legal authority is drawn from two separate federal and state statutes, the key question still remains whether the original and the two amended complaints turn on the "same matrix of facts." The Court finds that they do.

As noted in Plaintiffs' opposition, the matrix of facts in the instant lawsuit generally concerns the compensability of pre-shift travel, wait and work time for longshore workers. *See* Dkt. No. 48. There has been no change in the facts alleged between the original complaint and the second amended complaint. Indeed, Plaintiffs, in supporting their motion to add a claim under the FLSA, stated that "no prejudice can result to Defendant because the new cause of action is based on the same conduct and practices complained of in the original complaint." Dkt. No. 39. This mirrors the situation in *Lutz* where the plaintiff stated in the motion to amend that the factual predicate for the newly added claim was the same as the original claim.

Plaintiffs' sole contention that a new issue has been presented is that "the facts that must be proven to establish the [WWS and FLSA] claims are different." Dkt. No. 48. However, the facts alleged in the three complaints are still the same. Therefore, it follows that the matrix of facts supporting all three of Plaintiffs' complaints is the same. The addition of the FLSA claim constitutes only a different theory of recovery under the same matrix of facts, and therefore does not raise any new "issue" within the meaning of Rule 38(b).

### 2. The Addition of Mr. Lemon

Plaintiffs' second amended complaint also adds Mr. Lemon as a named plaintiff. The plain language of Rule 38(b) provides no special provisions for newly added parties. *See* FED. R. CIV. P. 38(b). Further, courts interpreting Rule 38(b) have been fairly consistent in finding that the mere addition of a new party or parties to a suit does not revive the 10-day jury demand window of Rule 38(b). *See Pennsylvania ex rel. Feiling v. Sincavage*, 439 F.2d 1133, 1134 (3d Cir. 1971) (holding the addition of plaintiff's wife as a plaintiff did not revive the jury demand window under rule 38(b)); *Unidev, LLC v. Housing Authority of New Orleans*, 250 F.R.D. 268, 272 (E.D. La. 2008) (holding the addition of new plaintiffs did not save failure to demand a jury trial earlier in proceedings); *Hickman v. South Whidbey School Dist.*, 2006 U.S. Dist. LEXIS 27145, at *5-6 (W.D. Wash. Apr. 25, 2006) (denying jury trial where amended complaint added only two new defendants); *Jones v. Boyd*, 161 F.R.D. 48, 49 (E.D. Va. 1995) ("The general rule is that a jury request is timely if made within ten days of the last defendant's answer. . . . However, when a plaintiff adds defendants to a case through an amended complaint, this general precept is superseded by the rule that an amendment to a complaint will revive the plaintiff's right to request a jury trial only when the amendment introduces new issues into the case.").

However, the addition of new parties in certain limited circumstances has allowed a jury demand window to be revived. *See United States v. California Mobile Home Park Mgmt.*, 107 F.3d 1374, 1379 (9th Cir. 1997). The *California Mobile Home* court held that an

intervening plaintiff, who had intervened two years after the close of the pleadings, could still request a jury trial under Rule 38(b). *Id.* The court noted that the divergent interests of the two plaintiffs (a private individual and the United States government) provided support for allowing the late-arriving intervenor-plaintiff to request and receive a jury trial. *Id.*

Here, the intervening party is intervenor-defendant ILWU, which is not requesting a jury trial as the intervening party did in *California Mobile Home*. This case more closely mirrors the situation found in *Sincavage*, where the plaintiff sought to add his wife as a plaintiff. Accordingly, as in *Sincavage*, the addition of Mr. Lemon as a new plaintiff does not change the underlying "matrix of facts" of the case. Further, unlike the situation noted by the court in *California Mobile Home*, there do not appear to be any divergent interests between Mr. Levias and Mr. Lemon. To be sure, such divergent interests would work against the class certification sought by Plaintiffs. Therefore, the limited exception set forth in *California Mobile Home* does not apply to the instant case. In sum, the addition of Mr. Lemon as a new plaintiff does not revive Mr. Levias' untimely jury demand because Mr. Lemon's addition does not raise a new "issue" within the meaning of Rule 38(b).

### 3. Discretion of the Court

"[T]he court may, on motion, order a jury trial on any issue for which a jury might have been demanded." FED. R. CIV. P. 39(b). The Ninth Circuit has interpreted a court's discretion under Rule 39(b) to be "narrow." *See Pacific Fisheries Corp. v. H.I.H. Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001). Further, the Ninth Circuit has held that Rule 39(b) "does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Id.* While a court's discretion is narrow, in *Johnson v. Dalton*, 57 F. Supp. 2d 958, 961 (C.D. Cal. 1999), the district court listed the following seven reasons for exercising its discretion to grant a jury trial under Rule 39(b): (1) Rule 39(b) clearly grants the trial court discretion to order a jury trial; (2) a flexible approach to Rule 39 comports with the general intent behind the Federal Rules of Civil Procedure; (3) although the Ninth Circuit

interprets the trial court's discretion under Rule 39(b) to be narrow, the case law in general upholds the discretion of the trial court; (4) allowing the trial court to order a jury trial is consistent with the spirit of the U.S. Constitution's guarantee of a right to a jury trial; (5) a narrow reading of Rule 39(b) would allow a mistake by counsel to harm the client; (6) there is no prejudice to the opposing party as the jury demand was made only a few months late and trial is still many months away; and (7) a jury trial is especially important in the particular case.

Here, there are two jury demands which could cause the Court to grant a jury trial by exercising its discretion under Rule 39(b). The first is Mr. Levias' late-filed jury demand, and the second is Mr. Lemon's recently filed jury demand. Mr. Levias' jury demand is discussed below and Mr. Lemon's jury demand will be discussed in the following section.

With respect to Mr. Levias' jury demand, Plaintiffs assert that the King County Superior Court's scheduling order was somehow still applicable to the proceeding in this Court (or at least that Plaintiffs reasonably believed it still applied). King County's original scheduling order allowed Plaintiffs to wait until December 21, 2009 to file a request for a jury trial. However, Rules 38 and 81 of the Federal Rules of Civil Procedure provide no special provisions concerning pre-removal (*e.g.*, state court) scheduling orders. *See* FED. R. CIV. P. 38, 81. Moreover, at the time of removal, the Court Clerk notified all counsel to direct their attention to Rules 38(b) and 81(c) of the Federal Rules of Civil Procedure, which concern the filing of jury demands in federal court. Dkt. No. 2. Additionally, the Ninth Circuit has held that a court's discretion under Rule 39(b) does not permit courts to excuse litigants' good faith mistakes of law. *See Zivkovic v. So. Cal. Ed. Co.*, 302 F.3d 1080, 1086-87 (9th Cir. 2001). Here, it appears that any belief that King County's original scheduling order applied to the proceeding in this Court would be a good faith mistake of law that could not be excused.

Another possibility for the Court to exercise its discretion with respect to Mr. Levias' jury demand concerns intervenor-defendant ILWU's answer. As noted above, the Ninth

ORDER
PAGE - 10

Circuit in *California Mobile Home* allowed an intervenor-plaintiff to demand a jury two years after the close of the pleadings. Here, Mr. Levias filed his jury demand about two weeks after the ILWU filed its answer to the first amended complaint. *See* Dkt. Nos. 22, 30. Therefore, assuming for the sake of argument that the ILWU's answer was the "last pleading directed to the issue," Mr. Levias would have only been a few days late in filing his jury demand. But even if the ILWU arguably had "divergent interests" with Defendants -- which is doubtful in the context of this action given that both the ILWU and Defendants want Plaintiffs to lose this lawsuit -- the ILWU is not requesting a jury, as the second plaintiff with divergent interests was requesting in *California Mobile Home*. Therefore, unlike in *California Mobile Home*, here the plaintiff of the original suit is requesting a jury, not the newly-arrived intervenor-defendant. While there is nothing in the wording of Rule 38 to suggest that only a newly-arrived party to a lawsuit could belatedly request a jury, the fact of the newly-arrived intervenor-plaintiff likely influenced the court in *California Mobile Home* (*e.g.*, it would be unfair for a newly-arrived party to an action to be denied a right to a jury trial merely by virtue of its late arrival).

In addition to the above, there are no facts suggesting that anything other than "oversight or inadvertence" was the reason for Mr. Levias' tardy jury demand. Indeed, early on the Court Clerk directed counsels' attention to Rules 38(b) and 81(c) of the Federal Rules of Civil Procedure, which concern the filing of jury demands in federal court. Dkt. No. 2. As stated previously, the Ninth Circuit has held that Rule 39(b) "does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Pacific Fisheries Corp.*, 239 F.3d at 1002.

In view of the foregoing, the Court would normally decline to exercise its discretion under Rule 39(b) to allow Mr. Levias' late-filed jury demand. However, because the Court will exercise its discretion under Rule 39(b) to allow the jury demand filed by Mr. Lemon, as explained below, the Court will also exercise its discretion and allow the jury demand filed by

Mr. Levias. Allowing both Mr. Levias and Mr. Lemon to try their cases before the same factfinder (*i.e.*, a jury) will avoid a situation in which the factual issues in this action are resolved by two different finders of fact: a jury for Mr. Lemon and the Court for Mr. Levias. A single factfinder will conserve judicial resources, promote efficiency and eliminate the risk of inconsistent factual findings in the same action. Accordingly, Defendants' Motion to Strike Plaintiff Levias' Jury Demand, Dkt. No. 46, is denied.

### C. Defendants' Motion to Strike Plaintiff Lemon's Jury Demand

With respect to Mr. Lemon's jury demand, as noted above, the mere addition of a new party does not raise a new issue within the meaning of Rule 38(b), nor does the addition of the FLSA claim. Therefore, the fact that Mr. Lemon filed his jury demand within ten days of the remaining defendants' answers to the second amended complaint does not alone save his jury demand; there were no new "issues" raised by the second amended complaint. However, Rule 38 has been interpreted as incorporating a party's right to reasonably rely on the jury demand of another party. *California Scents v. Surco Products*, 406 F.3d 1102, 1106 (9th Cir. 2005). The Ninth Circuit has also held that the "courts should indulge every reasonable presumption against waiver." *Pradier v. Elespuru*, 641 F.2d 808, 811 (9th Cir. 1981). Here, Mr. Lemon, who arrived late to the action, does not have the benefit of relying upon a valid jury demand by Mr. Levias, since Mr. Levias' jury demand was untimely. Not allowing Mr. Lemon a jury trial on the basis of Mr. Levias' earlier mistake would unfairly penalize Mr. Lemon through no fault of his own, and would deprive him of his right to rely on the jury demand on an earlier party to the action. In addition, there is no evidence that Mr. Lemon's recently filed jury demand is the product of "oversight or inadvertence," as opposed to simply being a result of Mr. Lemon's late arrival to the action. In other words, there is no evidence that Mr. Lemon was added to the action merely in an effort to overcome Mr. Levias' tardy jury demand.

There are two additional reasons for the Court to exercise its discretion under Rule 39(b) to allow the jury demand filed by Mr. Lemon (and Mr. Levias). First, there is no prejudice to Defendants by allowing a jury trial: all Defendants recently answered the second amended complaint which added the FLSA claim and Mr. Lemon as a plaintiff, and the trial, for which a date has not yet been set, is still many months away. Second, a jury trial is particularly important in this case given the multitude of factual issues that will need to be resolved in the action. In view of the foregoing, the Court will exercise its discretion and allow the jury demand by Mr. Lemon. Accordingly, Defendants' Motion to Strike Plaintiff Lemon's Jury Demand, Dkt. No. 70, is denied.

D. Number of Jurors

Defendants ask that if the Court permits a jury trial, that the jury consist of twelve jurors, as opposed to the six jurors requested by Mr. Lemon. Dkt. No. 70 at 7; *see* Dkt. No. 68. Plaintiffs submit that the size of the jury should be resolved prior to trial rather than at this stage when discovery still needs to be completed and the scope of the factual issues is not yet determined. Dkt. No. 71 at 4. Defendants have no objection if the Court prefers to address this issue at time of trial. Dkt. No. 72 at 5. Accordingly, the Court will defer consideration of this issue until prior to trial.

IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Strike Plaintiff Levias' Jury Demand, Dkt. No. 46, is DENIED and Defendants' Motion to Strike Plaintiff Lemon's Jury Demand, Dkt No. 70, is DENIED. In addition, Plaintiffs' Motion to Strike New Argument, Dkt. No. 50, is DENIED.

DATED this 27th day of January, 2010.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER
PAGE - 13